UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ATUSTA LORIUS                                    17CV292

v.

AMEDISYS HOLDING, LLC

### RULING ON MOTION TO DISMISS OR FOR SANCTIONS

In this action, plaintiff, who is represented by counsel, asserts that defendant Amedisys Holding, L.L.C., has discriminated against her on the basis of her disability and retaliated against her for filing a claim for worker's compensation. Plaintiff alleges that she injured her knee during employment, thereby rendering her disabled but still able to perform the essential functions of her job with reasonable accommodation. Defendants have filed a motion to dismiss or for sanctions due to plaintiff's failure to comply with her discovery obligations.

For the following reasons, the motion to dismiss will be denied. However, the Court will impose sanctions, including dismissal of the case, if plaintiff does not timely comply with the instant order.

### Background

On November 1, 2017, this Court granted a motion to compel and ordered plaintiff to supplement her discovery responses and to provide the requested

documents. After plaintiff failed to comply within the time limit set by this Court, defendant filed a motion to dismiss or for sanctions pursuant to Federal Rules of Civil Procedure 41(b) and 37(b), arguing that plaintiff's failure to prosecute her case and comply with this Court's order merits dismissal or sanctions. Plaintiff failed to respond to defendant's motion by the deadline. The Court issued an order to show cause why defendant's motion should not be granted.

On January 5, 2019, plaintiff did respond to the show cause order. She explained that she had been deposed by the defense on December 29, 2019; and that she had already signed authorizations so that defendant could obtain medical records and information from social security. She stated that she is a sixty-two year old woman who is indigent, and whose primary source of income is social security disability; she asserted that dismissal of her case or sanctions would have a disproportionate impact upon her.

## Discussion

Dismissal pursuant to Rule 41(b) for failure to prosecute is a matter committed to the discretion of the district court. Nita v. Connecticut Dep't of Envtl. Protection, 16 F.3d 482, 485 (2d Cir.1994) "Only on rare occasions should a district judge deprive the languid litigant of his right to a trial on the merits." Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 668 (2d Cir.1980). The Second Circuit has directed the trial court to consider the following five factors when deciding a motion to dismiss pursuant to Rule 41(b):

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard...and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

<u>Jackson v. City of New York</u>, 22 F.3d 71, 74 (2d Cir.1994).  Here, plaintiff has provided some discovery and traveled to have her deposition taken since defendant filed its motion to compel on October 13, 2017.  However, plaintiff's failure to provide defendant with medical and other relevant documentation prejudices the defendant's ability to defend against plaintiff's claims about her disability and retaliation suffered at work.  Moreover, plaintiff's deposition testimony indicates that plaintiff has not made an effort to provide the requested discovery documents and that she has no justifiable reasons for such noncompliance.  Plaintiff has not provided an affidavit or evidence supporting her assertion that she would not be capable of obtaining the medical and other documents.

     Plaintiff has had notice that her noncompliance could result in dismissal or sanctions since the Court issued its order to show cause dated January 3, 2018.  However, at this stage in the action, dismissal would be too harsh a sanction.  The Court will afford plaintiff the opportunity to satisfy her discovery obligations by March 30, 2018.  If plaintiff fails to comply with this order, the Court will either dismiss the case for failure to prosecute or impose monetary sanctions upon the plaintiff for the discovery costs attributable to her failure to comply.

### Conclusion

For the foregoing reasons, the motion to dismiss or for sanctions is DENIED without prejudice (doc. # 29).  The Court extends discovery until March 30, 2018.

Dated this 29th day of January, 2018, at Bridgeport, Connecticut.

/s/Warren W. Eginton

Warren W. Eginton

Senior U.S. District Judge
